[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14490
Non-Argument Calendar

_____

D. C. Docket No. 07-00063-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GRADY D. WEST,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 26, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Grady D. West appeals his 60-month sentence imposed following his guilty plea to one count of driving under the influence (DUI) in the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 7, 13 and Fla. Stat. § 316.193; and one count of driving with a suspended or revoked license in the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 7, 13 and Fla. Stat. § 322.34(2). West contends his sentence, imposed at the statutory maximum for his DUI offense, was procedurally and substantively unreasonable.

We review a defendant's sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). A sentence may be procedurally or substantively unreasonable. *Id.* "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

In reviewing for reasonableness, we

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range.

2

*Gall*, 128 S. Ct. at 597. "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Id*. at 596. The factors in § 3553(a) the court must consider are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)). It is sufficient for the district court to acknowledge it has considered the § 3553(a) factors, but it need not explicitly discuss each of them. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). "After settling on the appropriate sentence, [the court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 128 S. Ct. at 597.

After considering the § 3553(a) factors, the court "must make an individualized assessment based on the facts presented." *Id*. We have recognized "there is a range of reasonable sentences from which the district court may

3

choose." *Talley*, 431 F.3d at 788. Necessarily, there are also "sentences outside the range of reasonableness that do not achieve the purposes of sentencing stated in § 3553(a) and that thus the district court may not impose." *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006). Nonetheless, we are

> still required to make the calculus ourselves, and are obliged to remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.

*United States v. Pugh*, __ F.3d __, No. 07-10183, 2008 WL 253040, at *9 (11th Cir. Jan. 31, 2008) (quotations omitted).

West has not met his burden of establishing his sentence was procedurally unreasonable. There was no applicable Sentencing Guidelines range for these offenses, so the district court could not consider a Guidelines range. The district court explicitly stated it had considered the § 3553(a) factors, and the record reveals it did consider several of these factors when imposing its sentence. The court specifically stated its sentence was reasonable because it would deter similar conduct by others and protect the public from further DUI offenses by West. *See* 18 U.S.C. § 3553(a)(2)(B), (C). The court also implicitly considered and acknowledged the nature and severity of West's offenses, as well as his personal characteristics, and, referring to West's many previous DUI convictions, expressed

4

surprise that West had not killed anyone yet. *See* 18 U.S.C. § 3553(a)(1). In addition, the court considered West's mitigating evidence with respect to his personal characteristics and background, noting West's "situation was very, very personally tragic," but that the court was required to protect the public at large. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C). Similarly, defense counsel and West both emphasized West's substance abuse problems, and the court, after acknowledging West had a substance abuse problem, ordered that he participate in a substance abuse program during incarceration as part of his sentence. *See* 18 U.S.C. § 3553(a)(2)(D).

West contends his sentence was substantively unreasonable primarily because it was imposed at the statutory maximum for the DUI offense. However, he cites no binding authority to support his argument that a sentence at the statutory maximum must be "strictly construed." Regardless of whether the sentence is at the statutory maximum, it will be upheld on review as long as the ultimate sentence is a reasonable one. *See, e.g., United States v. Eldick*, 443 F.3d 783, 790 (11th Cir.), *cert. denied*, 127 S. Ct. 251 (2006) (holding the court's consecutive sentences at the statutory maximum on each count were reasonable because of the gravity of the offense). *Id.* Because the district court conducted an individualized analysis based on its consideration of several of the § 3553(a)

5

factors, we conclude West has not met his burden of demonstrating his 60-month sentence is substantively unreasonable. Accordingly, we affirm West's sentence.

**AFFIRMED.**